# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# FLORENCE DIVISION

| | |
|---|---|
| Wallie Lee "Walkie" White, Jr., | ) |
| Plaintiff, | ) Civil Action No.4:09-cv-02768-JMC |
| v. | ) **OPINION AND ORDER** |
| Kenneth Boone and Russell Cox, in their official and individual capacities, | ) |
| Defendants. | ) |

This matter is now before the court upon Defendants Kenneth Boone ("Boone") and Russell Cox's ("Cox") (collectively "Defendants") Motion for Summary Judgment [Doc. 36]. Plaintiff's Complaint [Doc. 1] alleges claims under 42 U.S.C. § 1983 for alleged violations of his Fourth Amendment, U.S. Const. amend. IV, rights against both Defendants and a state law abuse of process claim against Cox.[1] For the reasons stated below, Defendants' Motion for Summary Judgment is granted in part and denied in part.

## FACTUAL BACKGROUND

The relevant facts, viewed in a light most favorable to Plaintiff, the nonmoving party, are as follows. Plaintiff is the sole proprietor of "Walkie's Road Shop," an automobile customization business which is located behind Plaintiff's residence. Plaintiff began doing work for Senator John Scott ("Scott") in 2003. In 2003, Scott brought a 1947 Cadillac and two salvaged Camaros to

---

[1] Plaintiff's Complaint alleges violation of his Fourth, Eighth, and Fourteenth Amendment rights. However, in his Memorandum in Opposition to Summary Judgment [Doc. 39] Plaintiff stipulates the dismissal of his causes of action under the Eighth and Fourteenth Amendments. Accordingly, the court's Order solely addresses Plaintiff's Fourth Amendment and abuse of process claims.

Plaintiff. Scott wanted Plaintiff to use the parts from the Camaros to add to the Cadillac.

On August 11, 2009, Cox came to Plaintiff's house and told Plaintiff that Boone had asked him to accompany Scott to the house as a favor. Cox told Plaintiff that he was only there to let Scott look at the car. Plaintiff's son Dee White ("Dee") came over and met with Plaintiff and Cox. Plaintiff's wife, Patti, was also present. Cox told Plaintiff that he was going to go get Scott and return with him to see his car.

When Cox returned with Scott, Plaintiff saw through his kitchen window that Cox was also accompanied by a man carrying a video camera who was later identified as B.G. Watkins ("Watkins") of Watkins Detective and Security Agency. Plaintiff called Dee and told him that he had agreed to let Cox and Scott see the Cadillac; however, he did not agree to videotaping or the presence of an additional person. While Plaintiff was on the telephone with Dee, Plaintiff heard Dee state several times that videotaping was not permitted; however, Cox stated that he could videotape. Plaintiff then heard Dee ask Cox where they were going. Cox then said that Scott was going to look at his other car.

Plaintiff then came out of his residence and walked toward the shop and attempted to prevent the group from viewing the other vehicle. Cox exited the building and met Plaintiff outside. Plaintiff asked Cox to leave. Cox told Plaintiff that he was going to get a search warrant because he felt that Plaintiff was hiding something. Cox and Scott left the property, but Watkins remained and continued video taping.

A few minutes later, a sheriff's deputy arrived at the scene and told Dee and Plaintiff that they could not leave. Plaintiff got in a vehicle, but another officer told him to get out of the vehicle and that he could not leave. The driveway was also blocked by police cars.

When Cox returned with a search warrant, Cox, Scott, and Watkins continued onto Plaintiff's property, through a back gate, and went to look at the salvaged Camaro. They videotaped the car, opened the doors and hood, and looked at the serial numbers on the vehicle.

## LEGAL STANDARD

Summary judgment is appropriate when the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). To prevail on a motion for summary judgment, the movant must demonstrate that: (1) there is no genuine issue as to any material fact; and (2) that he is entitled to judgment as a matter of law. In determining whether a genuine issue has been raised, the court must construe all inferences and ambiguities against the movant and in favor of the non-moving party. *See United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962).

The party seeking summary judgment shoulders the initial burden of demonstrating to the district court that there is no genuine issue of material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the movant has made this threshold demonstration, the non-moving party, to survive the motion for summary judgment, may not rest on the allegations averred in his pleadings. Rather, the non-moving party must demonstrate that specific, material facts exist which give rise to a genuine issue. *See id.* at 324. Under this standard, the existence of a mere scintilla of evidence in support of the plaintiff's position is insufficient to withstand the summary judgment motion. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986). Likewise, conclusory allegations or denials, without more, are insufficient to preclude the granting of the summary judgment motion. *See Ross v. Commc'ns Satellite Corp.*, 759 F.2d 355, 365 (4th Cir. 1985). "Only

3

disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Anderson*, 477 U.S. at 248.

## DISCUSSION

Plaintiff brings unreasonable search and seizure claims against Cox and Boone and a claim of abuse of process claim against Cox. Defendants seek summary judgment as to each of Plaintiff's claims.

### Claims against Defendant Boone

Defendants argue that Boone is entitled to summary judgment because Plaintiff fails to set forth any allegations against Boone which would render him liable under Section 1983. It is well established that section 1983 "[cannot] be interpreted to incorporate doctrines of vicarious liability." *Pembaur v. Cincinnati*, 475 U.S. 469, 479 (1986). With regard to Boone, Plaintiff's Complaint merely alleges that Cox initially came onto Plaintiff's property under the direction of Boone. Plaintiff's Complaint makes no further allegations with regard to Boone's involvement in the incident. Plaintiff does not allege that Boone was involved in the alleged unreasonable search and seizure. To the extent that Plaintiff seeks to hold Boone liable for Cox's actions based on a theory of vicarious liability, it is clear that Section 1983 does not incorporate doctrines of vicarious liability. Accordingly, Boone is entitled to summary judgment with regard to all of Plaintiff's claims against him in his individual and official capacities.

### Eleventh Amendment Immunity

Defendants contend that they are entitled to summary judgment with regard to Plaintiff's claims brought against Defendants in their official capacities because Boone is the Florence County

4

Sheriff and Cox is an employee of the Florence County Sheriff's office, and thus, they are state officials.

Under the Eleventh Amendment, states are immune from suit in federal court unless they have, "by the most express language or by such overwhelming implications from the text as will leave no room for any other reasonable construction[,]" waived sovereign immunity. *Endelman v. Jordan*, 415 U.S. 651, 673 (1974); *see also Gulledge v. Smart*, 691 F. Supp. 947, 954 (D.S.C. 1988). "In addition, an action against a public official in his official capacity is beyond the jurisdiction of a federal court if that official is deemed to be an agent of the state." *Gulledge*, 691 F. Supp. at 954 (citing *McConnell v. Adams*, 829 F.2d 1319 (4th Cir. 1987)).

This court has held that under South Carolina law sheriffs and deputy sheriffs are agents of the state and not of the counties; "[i]t is well-established in this state that a sheriff's office is an agency of, and a sheriff 'dominated by,' the state, such that a suit against the sheriff in his official capacity is a suit against the State." *Carroll v. Greenville Cty. Sheriff's Dept.* 871 F. Supp. 844, 846 (D.S.C. 1994) (quoting *Gulledge*, 691 F. Supp. at 955). South Carolina has not expressly waived immunity nor has it consented to suit in federal court. Instead, South Carolina has expressly preserved Eleventh Amendment immunity in the South Carolina Tort Claims Act. *See* S.C. Code Ann. § 15-78-20(e) ("Nothing in this chapter is construed as a waiver of the state's or political subdivision's immunity from suit in federal court under the Eleventh Amendment to the Constitution of the United States . . . .").

Accordingly, as state officials, Defendants are entitled to Eleventh Amendment immunity with regard to Plaintiff's claims against them in their official capacities.

**Qualified Immunity**

Defendants argue that Cox is entitled to qualified immunity from Plaintiff's Fourth Amendment claims against Cox in his individual capacity. In support of their argument, Defendants assert that "Plaintiff's refusal to allow Scott and Cox to inspect the Camaro was enough to give rise to a reasonable suspicion that Plaintiff had done something inappropriate with or to the Camaro." [Doc. 36-1]. Defendants argue that if the Camaro had been sold, disposed of, or stripped of parts which were not used to work on the Cadillac, this would constitute evidence of a crime. Defendants further assert that "the Fourth Amendment does not prevent an objectively reasonable search based upon a valid search warrant." [Doc. 36-1].

Under the qualified immunity defense, "government officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982); *see also Cone v. Nettles*, 308 S.C. 109, 417 S.E.2d 523 (1992). "Qualified immunity ensures that '[o]fficials are not liable for bad guesses in gray areas; they are liable for transgressing bright lines.'" *Swagler v. Sheridan*, Civil Action No.: RDB-08-2289, 2011 WL 2746649 (D. Md. July 12, 2011) (citing *Iko v. Shreve*, 535 F.3d 225, 238 (4th Cir. 2008)). "To resolve a qualified immunity defense, the court must (1) determine whether the facts alleged, taken in the light most favorable to the plaintiff, show that the defendants' conduct violated a constitutional right, and (2) determine whether the right was clearly established at the time of the alleged misconduct." *VanDerHorst v. Hoffer*, C/A No. 0:09-cv-0706-SB-PJG, 2010 WL 1009997, at *2 (D.S.C. Feb. 16, 2010) (citing *Pearson v. Callahan*, 129 S. Ct. 808, 815-16 (2009)).

The Fourth Amendment protects against unreasonable searches and seizures. U.S. Const. amend. IV. "Except in certain well-defined circumstances, a search or seizure . . . is not reasonable unless it is accomplished pursuant to a judicial warrant issued upon probable cause." *Skinner v. Ry. Labor Execs.' Ass'n*, 489 U.S. 602, 619 (1989). It has long been recognized that, "searches of . . . commercial premises in the absence of a search warrant grounded upon probable cause are unreasonable." *Doe v. Broderick*, 225 F.3d 440, 453 (4th Cir. 2000).

An "officer's reliance on [a] magistrate's probable-cause determination and on the technical sufficiency of the warrant [issued] must be objectively reasonable, and it is clear that in some circumstances the officer will have no reasonable grounds for believing that the warrant was properly issued." *United States v. Leon*, 468 U.S. 897, 922–23 (1984) (internal citations omitted). An officer's reliance on a search warrant is not reasonable where "the warrant was based on an affidavit that was so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable." *Id.* at 923.

"[A] suspect's mere assertion of constitutional rights cannot constitute the sole basis for establishing probable cause for a search warrant." *United States v. Hyppolite*, 65 F.3d 1151, 1157 (4th Cir. 1995). **"**[A] defendant's refusal to consent to a search cannot establish probable cause to search. A contrary rule would vitiate the protections of the Fourth Amendment." *Id.* (quoting *United States v. Alexander*, 835 F.2d 1406, 1409 n.3 (11th Cir. 1988 )). As the Fourth Circuit Court of Appeals has noted, "the Fourth Amendment would mean little if officers could manufacture probable cause by asking questions until a suspect either consents or exercises constitutional rights." *Hyppolite*, 65 F.3d at 1157. Further, "an objectively reasonable officer should [know] that the mere assertion of constitutional rights cannot establish probable cause." *Id.*

7

Defendants do not argue that the area of Plaintiff's property upon which Cox conducted a search was not entitled to Fourth Amendment protection from unreasonable search. Defendants do not argue that Cox's actions did not constitute a search of Plaintiff's property. Nor do Defendants argue that Cox's search of Plaintiff's property without Plaintiff's consent did not require a search warrant. Rather, Defendants argue that Cox's search was objectively reasonable and based upon a search warrant. Defendants base their assertion that probable cause for the search existed on the fact that Plaintiff refused the search. The affidavit upon which the search warrant in this case was issued merely states that, "[Scott] carried his 1997 Camaro [to] be worked on [and to] be used as parts for Cadillac that is being restored this is [Scott's] auto [and] he has reason to believe that it has been sold or disposed of." [Doc. 40-3]. Defendants' argument that the warrant was supported by probable cause rests only on Defendants' assertion that Plaintiff refused a search and that Plaintiff's refusal was enough to give rise to reasonable suspicion that Plaintiff had done something inappropriate to the Camaro. An objectively reasonable officer should have known that Plaintiff's refusal of a search of his property is not sufficient to establish probable cause for a search warrant.

Thus, the facts alleged demonstrate that Cox violated Plaintiff's Fourth Amendment right to be free from unreasonable searches and that right was clearly established at the time of the alleged incident. *See Broderick*, 225 F.3d at 453 ("[T]he Supreme Court has long recognized that searches of . . . commercial premises in the absence of a search warrant grounded upon probable cause are unreasonable . . . ."). Accordingly, Cox is not entitled to qualified immunity with regard to Plaintiff's Fourth Amendment unreasonable search claim.

Defendants do not address Plaintiff's allegation that Plaintiff was illegally seized when he was detained on his property and not allowed to leave. Accordingly, the court assumes that Defendants do not seek summary judgment as to Plaintiff's claim of illegal seizure.

**Abuse of Process**

Defendants argue that Cox is entitled to summary judgment as to Plaintiff's abuse of process claim. Under South Carolina law, the two essential elements of an abuse of process claim that a plaintiff must establish are "1) an ulterior purpose, and 2) a willful act in the use of the process not proper in the conduct of the proceeding." *Food Lion, Inc. v. United Food & Commercial Workers Int'l Union*, 351 S.C. 65, 71, 567 S.E.2d 251, 253 (Ct. App. 2002). To sustain a claim for abuse of process, the plaintiff must establish facts sufficient to show an ulterior purpose by the defendant. *Id.* "An ulterior purpose exists if the process is used to gain an objective not legitimate in the use of the process." *Id.* Thus, no liability exists "where the defendant has done nothing more than carry out the process to its authorized conclusion, even though with bad intentions." *Hainer v. Am. Med. Int'l, Inc.*, 328 S.C. 128, 136, 492 S.E.2d 103, 107 (1997). Furthermore, according to the court in *Food Lion*:

> One who uses a legal process, whether criminal or civil, against another *primarily* to accomplish a purpose for which it is not designed, is subject to liability to the other for harm caused by the abuse of process. As noted in the Restatement comment, the significance of primarily is that there is no action for abuse of process when the process is used for the purpose for which it is intended, but there is an incidental motive of spite or an ulterior purpose of benefit to the defendant. Accordingly, liability exists not because a party merely seeks to gain a collateral advantage by using some legal process, but because the collateral objective was its sole or paramount reason for acting.

*Food Lion, Inc.*, 351 S.C. at 75, 567 S.E.2d at 255-56 (emphasis supplied) (internal citations omitted).

In support of their argument, Defendants assert that Cox conducted the search pursuant to a valid search warrant, secured by a sworn affidavit, and based upon his objectively reasonable belief that a crime was being concealed. Defendants argue that Cox's actions were proper because he suspected that Plaintiff was hiding something and Scott had reason to believe that his vehicle had been sold or disposed of; however, Defendants offer no support for these assertions other than the fact that Plaintiff refused to allow a search of his property without a warrant. Further, Defendants argue that Cox used the search warrant process for its intended purpose in investigating whether Scott's vehicle had been mishandled by Plaintiff. However, Plaintiff's refusal to allow Cox to search his property was not sufficient to establish probable cause to search Plaintiff's property. Further, an objectively reasonable officer should know that Plaintiff's refusal was not sufficient to establish probable cause. *See Hyppolite*, 65 F.3d at 1157.

In viewing the facts in a light most favorable to Plaintiff, the record demonstrates that Cox obtained a search warrant where no probable cause existed in order to conduct a search of Plaintiff's property to which Plaintiff did not consent. The court finds that a reasonable trier of fact could find the record sufficient to support Plaintiff's claim of abuse of process. Accordingly, Cox is not entitled to summary judgment as to Plaintiff's claim for abuse of process.

## CONCLUSION

It is therefore **ORDERED** that Defendants' Motion for Summary Judgment [Doc. 36] is **GRANTED** as to Plaintiff's claims against Defendant Kenneth Boone in his official and individual capacities, Defendants' Motion is **GRANTED** as to Plaintiff's claims against Defendant Russell Cox in his official capacity, and Defendants' Motion is **DENIED** as to Plaintiff's claims against Defendant Russell Cox in his individual capacity.

**IT IS SO ORDERED.**

                                                                                     United States District Judge

March 29, 2012
Greenville, South Carolina